**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CANDACE ROBINSON,** | |
| **Plaintiff,** | **Case No.:** |
| **v.** | |
| **TRANSWORLD SYSTEMS, INC.,** | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

Plaintiff Candace Robinson, by and through the undersigned counsel, complains, states, and alleges against defendant Transworld Systems, Inc., as follows:

## INTRODUCTION

1.     This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2.     In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq.*, in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*.  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

3.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*., § 1692(e).  After

1

determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act.  *Id*., § 1692k.

4.      In determining whether a collection letter violates the FDCPA, courts in the Third Circuit apply the "least sophisticated consumer standard." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). The standard is an objective one, meaning the specific consumer need not prove that she was actually confused or misled. See *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[T]he FDCPA does not require that a plaintiff actually be confused.").

5.      The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

## JURISDICTION AND VENUE

6.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).

7.      This court has jurisdiction over defendant Transworld Systems, Inc. because defendant regularly conducts and transacts business in this state, the conduct complained of herein occurred in this Judicial District, and is located in this Judicial District.

8.      Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

9.      Plaintiff Candace Robinson ("Plaintiff") is a natural person who is a citizen of the State of Tennessee, residing in Nashville, Tennessee.

10.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

11.    Defendant Transworld Systems, Inc. ("TSI") is a company existing under the laws of the State of California, with its principal place of business in Fort Washington, Commonwealth of Pennsylvania.

12.    TSI has transacted business within this Commonwealth as is more fully set forth hereinafter in this Complaint.

13.    TSI regularly collects or attempts to collect debts asserted to be owed to others.

14.    TSI is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

15.    The principal purpose of TSI's business is the collection of such debts.

16.    TSI uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

17.    TSI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18.    TSI alleges Plaintiff owes a debt for a personal credit card account to American Express ("American Express").

19.    Plaintiff retained counsel to represent her with respect to the alleged debt.

20.    On April 6, 2023 and on May 8, 2023, Plaintiff's attorneys notified American Express of its representation of Plaintiff concerning the alleged debt and demanded that all further direct communications with Plaintiff concerning the alleged debt cease (the "Letters of Representation").

21.    The Letters of Representation set forth Plaintiff's attorneys' name and address.

22.    Thereafter, on an exact date known only to TSI, the alleged debt was transferred, assigned, or otherwise placed with TSI for the purposes of collection.

23.     Despite the Letters of Representation, in an effort to collect the alleged debt, TSI caused a letter dated May 19, 2023 (the "May Letter") to be sent to Plaintiff directly.

24.     Plaintiff received and read the May Letter.

25.     Plaintiff's attorney did not consent to TSI's direct communication with Plaintiff.

26.     TSI did not send the May Letter to Plaintiff's attorney.

27.     TSI did not send any letters concerning the alleged debt to Plaintiff's attorney prior to sending the May Letter.

28.     TSI did not attempt to communicate at all with Plaintiff's attorneys concerning the alleged debt prior to sending the May Letter.

29.     It is standard practice for creditors to inform downstream entities, including debt collectors, of attorney representation letters and/or cease and desist letters received from consumers' attorneys.

30.     It is standard practice, when debts are sold and/or assigned to downstream entities, including debt collectors, that such debts are identified as subject to attorney representation letters and/or cease and desist letters.

31.     It is standard practice, when debts are sold and/or assigned in bulk portfolios to downstream entities, including debt collectors, that such portfolios are identified, either explicitly, or through an indicator in the portfolio's file name, as containing accounts that are subject to attorney representation letters and/or cease and desist letters.

32.     TSI had actual notice of the Letters of Representation.

33.     TSI had actual notice of the Letters of Representation either from the placement file or through a client portal provided to TSI.

34.     Then, on June 23, 2023, Plaintiff's attorneys again notified TSI of its representation

4

of Plaintiff concerning the alleged debt and demanded that all further direct communications with Plaintiff concerning the alleged debt cease (the "Additional Letter of Representation").

35. Then, on November 12, 2023, TSI was informed again that Plaintiff was represented by counsel, when Plaintiff's attorneys notified TSI of TSI's violations the FDCPA (the "Additional Notice of Representation").

36. Despite the Letters of Representation, Additional Letter of Representation, and Additional Notice of Representation, in an effort to collect the alleged debt, TSI caused a letter dated September 22, 2025 (the "September Letter") to be sent to Plaintiff directly.

37. TSI has ignored Plaintiff's rights, Plaintiff's attorney-client relationship, and Plaintiff's cease and desist, necessitating the filing of this cause of action.

38. TSI continues to violate Plaintiff's rights, Plaintiff's attorney's representation, and Plaintiff's cease and desist, necessitating the filing of this cause of action.

39. On October 10, 2025, Plaintiff's attorneys once again notified TSI of its representation of Plaintiff concerning the alleged debt and demanded that all further direct communications with Plaintiff concerning the alleged debt cease.

40. A violation of 15 U.S.C. § 1692c(a)(2) has a close relationship to an invasion of privacy.

41. A violation of Section 15 U.S.C. § 1692c(a)(2) is an invasion of privacy.

42. TSI invaded Plaintiff's privacy.

43. A violation of 15 U.S.C. § 1692c(c) has a close relationship to an intrusion upon the rights to solitude and seclusion.

44. A violation of 15 U.S.C. § 1692c(c) is an intrusion upon the rights to solitude and seclusion.

45.    TSI intruded upon Plaintiff's rights to solitude and seclusion.

46.    A violation of 15 U.S.C. § 1692c(c) also has a close relationship to interference with the attorney-client relationship.

47.    A violation of Section 1692c(c) is an interference with the attorney-client relationship.

48.    TSI interfered with Plaintiff's and her attorney's attorney-client relationship.

49.    The May Letter stated that the amount of the debt was $3,341.36.

50.    The September Letter stated that the amount of the debt was $3,633.00.

51.    However, the September Letter failed to inform Plaintiff the cause of the increase of the balance of the alleged debt.

52.    In fact, the September Letter stated "Between August 11, 2023 and today," Plaintiff was not charged any interest or fees.

53.    The September Letter fails to provide any explanation as to the reason the balance of the alleged debt increased by $291.64.

54.    TSI lacks the legal right to access interest and/or fees on the alleged debt.

55.    Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of TSI.

56.    Plaintiff's injury-in-fact is traceable to the actions or inactions of TSI.

57.    Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

58.    TSI's communications caused Plaintiff wasted time, lost time, loss of enjoyment of life and the potential incurrence of fees.

59.    TSI infringed upon Plaintiff's right to seclusion.

6

60.     TSI infringed upon Plaintiff's right to quiet enjoyment of life.

61.     TSI infringed upon Plaintiff's right to truthful information from debt collectors.

62.     TSI infringed upon Plaintiff's right not to be harassed and oppressed by debt collectors.

63.     As a result of TSI's conduct, Plaintiff suffered anxiety, stress, and feared that TSI would continue to contact Plaintiff directly despite Plaintiff's attorney's representation and Plaintiff's cease and desist.

64.     As a result of TSI's conduct, Plaintiff began to question her attorney-client relationship and Plaintiff's confidence in her attorneys was diminished.

65.     The acts of TSI as described in this Complaint were performed by TSI or on TSI's behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority.  As such, all references to TSI in this Complaint shall mean TSI or their owners, officers, agents, and/or employees.

66.     TSI's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from TSI's conduct.

67.     But for TSI's actions, Plaintiff would not have had to spend time searching her records.

68.     But for TSI's actions, Plaintiff would not have had to spend time discussing this matter with her attorneys.

69.     But for TSI's actions, Plaintiff would not have become aggravated, frustrated, worried, fearful, and distressed.

70.     Plaintiff's anger and frustration continue to this day.

7

71. Plaintiff justifiably fears that, absent this Court's intervention, TSI will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

72. A favorable decision herein would serve to deter TSI from further similar conduct.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)**

73. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

74. The Plaintiff is a "consumer" as that term defined by the FDCPA.

75. TSI is a "debt collector" as that term is defined by the FDCPA.

76. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

77. The September Letter is a "communication" as that term is defined by the FDCPA.

78. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

79. 15 U.S.C. § 1692c(a)(2), titled "Communication with the Consumer Generally," prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

80. As described herein, TSI violated 15 U.S.C. § 1692c(a)(2).

81. A violation of 15 U.S.C. § 1692c(a)(2) has a close relationship to an invasion of privacy.

82. A violation of Section 15 U.S.C. § 1692c(a)(2) is an invasion of privacy.

83. TSI invaded Plaintiff's privacy.

84.     15 U.S.C. § 1692c(c), titled "Ceasing Communication," prohibits a debt collector, subject to certain exceptions not relevant here, from communicating with a consumer in connection with the collection of any debt "[i]f a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."

85.     15 U.S.C. § 1692c(c) further states, "[i]f such notice from the consumer is made by mail, notification shall be complete upon receipt."

86.     As described herein, TSI violated 15 U.S.C. § 1692c(c).

87.     A violation of 15 U.S.C. § 1692c(c) has a close relationship to an intrusion upon the rights to solitude and seclusion.

88.     A violation of 15 U.S.C. § 1692c(c) is an intrusion upon the rights to solitude and seclusion.

89.     TSI intruded upon Plaintiff's rights to solitude and seclusion.

90.     A violation of 15 U.S.C. § 1692c(c) also has a close relationship to interference with the attorney-client relationship.

91.     A violation of Section 1692c(c) is an interference with the attorney-client relationship.

92.     TSI interfered with Plaintiff's and her attorney's attorney-client relationship.

93.     For the foregoing reasons, TSI violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)**

94.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

95.     The Plaintiff is a "consumer" as that term defined by the FDCPA.

96.     TSI is a "debt collector" as that term is defined by the FDCPA.

9

97.     The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

98.     The September Letter is a "communication" as that term is defined by the FDCPA.

99.     The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

100.    15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

101.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

102.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

103.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

104.    As described herein, TSI violated the foregoing Sections of the FDCPA when TSI assessed interest and/or fees on the alleged debt, when TSI had no legal right to assess interest and/or fees.

105.    As described herein, TSI violated the foregoing Sections of the FDCPA when TSI misrepresented the character, amount, or legal status of the alleged debt.

106.    For the foregoing reasons, TSI violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

107.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

    a.   Finding TSI's actions violate the FDCPA; and

10

b.  Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d.  Awarding the costs of this action to Plaintiff; and

e.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f.  Such other and further relief that the Court determines is just and proper.

Dated: March 17, 2026

**GARIBIAN LAW OFFICES, P.C.**

*/s/ Antranig Garibian*
By: Antranig Garibian, Esq. (PA Bar No. 94538)
261 Old York Road, Unit 427
Jenkintown, PA 19046
ag@garibianlaw.com
*(215) 326-9179*
*Attorneys for Plaintiff*